**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50275 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03113-BEN-1 |
| v. | |
| ISIDRO HERNANDEZ-RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50027 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03113-BEN-1 |
| v. | |
| ISIDRO HERNANDEZ-RAMIREZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding
Argued and Submitted December 6, 2011
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

Isidro Hernandez-Ramirez appeals his conviction for attempted reentry after deportation in violation of 8 U.S.C. § 1326(a). He claims that the district court precluded him from presenting a defense that he had a good faith belief that Uniform Commercial Code documents filed with the California Secretary of State gave him a legal right to enter the United States. We affirm.

The district court did not preclude the defense from presenting evidence or arguing a good faith defense in closing. Rather, it advised defense counsel that it would give a jury instruction explaining that the UCC governs commercial transactions, not immigration law, if defense counsel argued the applicability of the UCC in closing argument. Such an instruction would have been a correct statement of the law. Defense counsel then chose not to make the argument. Our decision in *United States v. Smith-Baltiher*, 424 F.3d 913 (9th Cir. 2005), does not control this case, because in *Smith-Baltiher*, the defendant introduced evidence of his mother's United States citizenship. *Id.* at 922 & n.8. In contrast, here, as the district court found, Mr. Hernandez proffered "no evidence" that he had a good faith belief that the documents he presented had "any force or effect on his ability to enter the United States."

Because the jury instructions given adequately covered specific intent as required by *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1196 (9th Cir.

2000) (en banc), Hernandez-Ramirez was not entitled to any additional "good faith" jury instruction. *United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).

AFFIRMED[1].

---

[1]Appellee's motion to permit argument by telephone on December 6, 2011, is GRANTED.